# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MICHAEL DUANE STRAIN,**
**DOC # P20267,**

    **Plaintiff,**

vs.                                                Case No. 4:23-cv-126-WS-MAF

**REBECCA GOODHAME EBINGER,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, initiated this civil rights case by submitting a civil rights complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2.  Because Plaintiff's motion was insufficient as filed, Plaintiff was required to file an amended motion that was properly supported by a copy of his inmate bank account statement showing the six month period of time as required by 28 U.S.C. § 1915(a)(2).  ECF No. 4.  Plaintiff had until May 2, 2023, to file the amended in forma pauperis motion.  *Id.*  As of this date, nothing further has been filed.  It appears that Plaintiff has abandoned this litigation since he was

warned that failure to comply with the Order would result in entry of a recommendation to dismiss this case. ECF No. 4.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11

and 41(b) or under its inherent authority"). Here Plaintiff was forewarned and did not respond to a Court Order; dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on May 11, 2023.

S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.